## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Michael G. Moore
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jonathan R. Sichtermann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Burnett,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 10, 2015<br><br>Court of Appeals Cause No.<br>49A02-1409-CR-674<br><br>Appeal from the Marion Superior Court<br>Cause No. 49G04-1305-MR-30562<br><br>The Honorable Lisa Borges, Judge |

**Barnes, Judge.**

# Case Summary

David Burnett appeals his sixty-year sentence for murder and Class A misdemeanor carrying a handgun without a license. We affirm.

# Issue

Burnett raises one issue, which we restate as whether his sixty-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

# Facts

On May 6, 2013, Tyron Woods and Rayshawn Tunstill had an argument near the Hearts' Landing apartment complex in Indianapolis. Tunstill left but later returned with sixteen-year-old Burnett and Burnett's older brother, Robert Tibbs. Woods and Tunstill prepared to fight, and Woods handed his gun to his girlfriend, Leesha Taylor. Tibbs then pointed his gun at Taylor, and Burnett took the gun from Taylor. Woods and Tibbs also struggled for Tibbs's gun, but Woods was unable to take it. Woods and Taylor then tried to flee, but Burnett shot Woods in the back. Woods and Taylor reached Taylor's apartment, and Burnett and Tibbs followed and continued shooting at them. Woods died from his injuries.

The State charged Burnett with murder and Class A misdemeanor carrying a handgun without a license. A jury found Burnett guilty, and the trial court sentenced him to sixty years for the murder conviction and a concurrent sentence of one year for the handgun conviction. Burnett now appeals.

# Analysis

Burnett argues that his sixty-year sentence is inappropriate under Indiana Appellate Rule 7(B). Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. *Id.* We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including

whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[7] A review of the nature of the offense reveals that sixteen-year-old Burnett shot Woods, who was unarmed, in the back as a result of Woods's altercation with one of Burnett's friends. After shooting him, Burnett pursued Woods and his girlfriend into an apartment and fired several more shots. On appeal, Burnett argues that the offense was not planned and was merely a "fight gone out of control." Appellant's Br. p. 5. We disagree and conclude that the trial court properly found that Burnett and his brother had "inserted themselves into a situation where they had no business and no right to be." Tr. p. 389-90.

[8] As for Burnett's character, we note that, despite his young age, he has a substantial juvenile history. He was arrested eight times as a juvenile, resulting in five true findings. Burnett has three true findings for criminal trespass, one for battery resulting in serious bodily injury, and one for resisting law enforcement. Burnett had numerous probation violations and several urine drug screens positive for marijuana. Sergeant Ed Bruce of the Indianapolis Metropolitan Police Department testified at Burnett's sentencing hearing that Burnett was a member of the Blockburner gang.[1] On appeal, Burnett argues that he was young and was under the influence of his older brother. The trial

---

[1] Burnett argues that the evidence of gang activity was "stale and without proper foundation." Appellant's Br. p. 6. However, Burnett does not challenge the admissibility of the evidence concerning his gang activity. Consequently, we may consider it in our analysis.

court took Burnett's age into consideration, and we see no evidence in the record that Burnett's actions were controlled by his brother.

[9] Given Burnett's juvenile history and the senseless nature of his crimes, we conclude that the sixty-year sentence imposed by the trial court is not inappropriate.

## Conclusion

[10] The sentence imposed by the trial court is not inappropriate in light of the nature of the offense and the character of the offender. We affirm.

[11] Affirmed.

Riley, J., and Bailey, J., concur.